**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JENNIFER L. PRICE, <br><br> Plaintiff, <br><br> v. <br><br> CHRYSLER CAPITAL LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-00481 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes JENNIFER L. PRICE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CHRYSLER CAPITAL LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and maintains its registered address and headquarters within the Northern District of Texas.

## PARTIES

4. Plaintiff is a 33 year-old natural "person" as defined by 47 U.S.C. §153(39)

5. Defendant "is the Full-Service finance provider for Chrysler Group LLC and its dealers. [Defendant] provides full-spectrum automotive finance for Chrysler Group dealers; direct-to-consumer lending solutions; plus fleet, lease, floorplan and business lending solutions."[1] Defendant is a Texas company registered at 1999 Bryan Street, Suite 900, Dallas, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In February 2016, Plaintiff purchased a Jeep and financed the automobile through Defendant.

9. Shortly thereafter, Plaintiff fell behind on her monthly payments owed to Defendant, thus incurring debt ("subject consumer debt').

10. In approximately March 2016, Plaintiff began receiving calls to her cellular phone, (616) XXX-5413 from Defendant.

---

[1] https://chryslercapital.com/dealers

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 5413. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has mainly used the phone number (855) 563-5635 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above-referenced phone number ending in 5635 is regularly used by Defendant to contact consumers during its collection activities.

14. When Plaintiff has answered calls from Defendant, she has experienced a significant pause, lasting approximately five seconds in length, before being connected with a live representative.

15. Upon speaking with one of Defendant's representatives, Plaintiff was notified that Defendant was seeking to collect upon the subject consumer debt.

16. Plaintiff informed Defendant that due to her financial situation, she was unable to make payment.

17. Upon Defendant's persistence, Plaintiff demanded that Defendant stop calling her.

18. Despite Plaintiff's demands, Defendant continued to relentlessly call Plaintiff's cellular phone up until the date of the filing of this action.

19. Defendant has also placed several calls to Plaintiff's cellular phone during the same day, even after being told to cease its contacts.

20. Plaintiff has received not less than 43 phone calls from Defendant since asking it to stop calling.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $47.00 to purchase and maintain an application subscription on her cellular phone

in an attempt to quell Defendant's contacts, resulting in pecuniary loss.  However, Defendant's communications persisted.

22. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The significant pause, lasting approximately five seconds in length, which Plaintiff has experienced during answered calls from Defendant, is instructive that an ATDS is being used to generate the phone calls.  Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

28. Defendant violated the TCPA by placing at least 43 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by her demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JENNIFER L. PRICE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

33. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

34. The subject consumer consumer debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(f)(ii)

35. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

36. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

37. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

38. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop and that its calls were inconvenient. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff at least 43 times. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 445.252(q)

39. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

40. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant to stop calling her, but in defiance of this information, Defendant continued placing systematic phone calls to Plaintiff's cellular phone. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

41. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, JENNIFER L. PRICE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

 d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

 e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2018           Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |